UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ERIN C. PRZELSKI,

    Plaintiff,

v.

                                            Civil Action No.   6:15-CV-1153 (LEK/TWD)

TRANSUNION, LLC

    Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by and through her counsel, James F. Selbach, Esq., Selbach Law Offices, P.C., complaining of the Defendant, respectfully alleges, as follows:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et. seq.* ( "FCRA").

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1337.

### III. PARTIES

3. The Plaintiff is a natural person residing in the County of Oneida and State of New York.

4. Upon information and belief, Transunion, LLC ("the Defendant") is a limited liability company organized and existing under the laws of the state of Delaware and transacts business or contracts to supply services in New York with its principal place of business located at 555 West Adams Street, Chicago, Illinois, 60661.

5. The causes of action stated herein arise from the said jurisdictional acts.

6. Upon information and belief, the Defendant regularly engages in the practice of assembling or evaluating information on individuals for the purpose of furnishing to third parties written and/or oral and/or other communication of any information bearing on a individual's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing an individual's eligibility for credit or insurance to be used primarily for personal, family or household purposes and/or for employment purposes, and/or any other purposes authorized by law and uses any means or facility of interstate commerce for the purpose of preparing or furnishing said information.

## IV. FACTUAL ALLEGATIONS

7. At all times herein mentioned the Defendant recorded, retained and maintained a written communication of information bearing on the Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which has been used or collected by the Defendant and is expected to be used or collected by the Defendant in the future in whole or in part for the purpose of serving as a factor in establishing the Plaintiff's eligibility for credit or insurance to be used primarily for personal, family, or household purposes. ("the Consumer Report").

8. On June 11, 2014, Paul R. Przelski, the husband of the Plaintiff, ("Mr. Przelski") filed a petition pursuant to Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of New York, (14-60999-6-dd). ("the Bankruptcy Case.").

9. The Bankruptcy Case was filed as an individual case and Mr. Przelski was the only Debtor in the case.

10. The Plaintiff was not a Debtor in the Bankruptcy Case.

11. As of the commencement of the Bankruptcy Case, and at all times herein mentioned, Mr.

Przelski did not have any interest in any real property.

12. On September 9, 2014, the Bankruptcy Court issued a discharge order to Mr. Przelski.

13. The Bankruptcy case was thereafter closed.

14. On June 18, 2007, the Plaintiff purchased certain real property located at 7089 West Carter Road, Rome, New York, 13440. ("the Residence").

15. On June 18, 2007, a deed was executed wherein Paul L. Parent and Melissa J. Parent transferred a fee simple interest in the Residence to Erin C. Przelski.

16. On June 19, 2007, the said deed was recorded in the Oneida County Clerks Office. (Instrument No. 2007-012170).

17. At no time after June 18, 2007 has the Plaintiff transferred any ownership interest in the Residence to anyone.

18. On June 18, 2007, the Plaintiff executed a note to First Horizon Home Loans, a Division of First Tennessee Bank, N.A., Irving Texas ("First Horizon") in the sum of $158,620.00. ("the Note").

19. The Plaintiff was, and has always been, the only obligor on the Note.

20. On June 18, 2007, the Plaintiff executed a purchase money mortgage to First Horizon as security for the Note. ("the Mortgage").

21. On June 19, 2007, the Mortgage was recorded in the Oneida County Clerks Office. (Instrument No. 2007-012171).

22. At no time was Mr. Przelski a party to the Note and/or Mortgage.

23. On June 11, 2014, and at all times herein mentioned, the Plaintiff resided with Mr. Przelski at the Residence.

24. At all times herein mentioned, Seterus, Inc., 14523 S.W. Millikan Way, Beaverton, Oregon 97005 is a mortgage loan servicing company.("Seterus").

25. From the period commencing on June 11, 2014 and continuing to date, Seterus performed mortgage loan services with respect to the Note and Mortgage.

26. Account number xxxx3546 was assigned to the Note and Mortgage. ("the Account").

27. In or about the month of April 2015, Seterus furnished information to the Defendant that was entirely false, i.e., that the Account was "included" in a "Chapter 7 Bankruptcy" ("the Furnished Information").

28. Thereafter, the Defendant placed the Furnished Information in the Credit Report.

29. On or about July 13, 2015, the Plaintiff notified the Defendant that she disputed the accuracy of the Furnished Information. (the "Dispute"), a copy of which is attached hereto and made a part hereof as Exhibit A.

30. On or about August 5, 2015, the Defendant mailed to the Plaintiff a document in response to the Dispute, a copy of which is attached hereto and made a part hereof as Exhibit B.

31. The Defendant failed to delete the Furnished Information from the Credit Report.

32. The Plaintiff is a subscriber to a service offered by Fair Isaac Corporation known as "myFICO" which provides its subscribers with information concerning their credit scores and credit reports.

33. In or about the month of April 2015, after the Defendant included the Furnished Information in the Credit Report, the Plaintiff's FICO score was dramatically reduced. Attached hereto and made a part hereof as Exhibit C are copies of charts obtained by the Plaintiff from the myFICO service.

## V. CLAIM FOR RELIEF

### Count 1
### VIOLATION OF 15 U.S.C. §1681i(a)(5)(A)(i)

34. The foregoing allegations are repeated, and realleged as if they were set forth in full herein.

35. The Defendant, by reason of the aforesaid conduct, violated 15 U.S.C. §1681i(a)(5)(A)(i) by failing to delete the Furnished Information from the Credit Report.

36. The failure to delete the Furnished Information from the Credit Report was due to Defendant's failure to follow reasonable procedures to assure maximum possible accuracy.

37. The Plaintiff suffered injury.

38. The Plaintiff's injury was caused by the inclusion of the Furnished Information in the Credit Report.

39. By reason of the same, the Defendant negligently failed to comply with 15 U.S.C. §1681 *et. seq.*

40. By reason of the same, the Defendant acted with a reckless disregard for the law and so willfully failed to comply with 15 U.S.C. §1681 *et. seq.*

## Count 2
## VIOLATION OF 15 U.S.C. §1681e(b)

41. The foregoing allegations are repeated, and realleged as if they were set forth in full herein.

42. The Defendant violated 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff when it reported the Furnished Information in the Credit Report.

43. The Plaintiff suffered injury.

44. The Plaintiff's injury was caused by the inclusion of the Furnished Information in the Credit Report.

WHEREFORE, Plaintiff respectfully request that judgment be entered against the Defendant for:

(a) actual damages pursuant to 15 U.S.C. §1681o(a)(1);

(b) costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1681o(a)(2);

(c) punitive damages pursuant to 15 U.S.C § 1681n(a)(2)

(d) for such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED**

DATED:   Syracuse, New York
           September 25, 2015

                                **SELBACH LAW OFFICES, P.C.**

                              By: /s/James F. Selbach, Esq.
                                  James F. Selbach, Esq.
                                  Bar Roll No. 501147
                                  Suite 290
                                  290 Elwood Davis Road
                                  Syracuse, New York 13088
                                  315.471.6611
                                  jselbach@selbachlawfirm.com

                                  *Attorney for Plaintiff*